UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| HALL & ASSOCIATES | ) | |
| 1620 I St., N.W. | ) | |
| Suite 701 | ) | |
| Washington, D.C. 20006, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. _____ |
| | ) | |
| U.S. ENVIRONMENTAL PROTECTION AGENCY | ) | |
| 1200 Pennsylvania Avenue, N.W. (2822T) | ) | |
| Washington, D.C. 20460, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## COMPLAINT

### Preliminary Statement

1.     Through this action, brought under the Freedom of Information Act ("FOIA"), 5

U.S.C. §§ 552, *et seq., as amended*, Plaintiff, Hall & Associates ("H&A"), appeals the

Defendant's, the United States Environmental Protection Agency's ("EPA" ), (1) failure to

provide H&A with a full and complete FOIA response and (2) improper withholding of

responsive documents or segregable portions thereof.  This Complaint is timely, as EPA failed to

provide a response to H&A's timely-filed administrative appeal (the "Appeal") of EPA's FOIA

request denial (the "Denial") or otherwise properly respond to H&A's FOIA request (the

"Request") within the required statutory deadline.

2.     H&A submitted the Request related to the issuance of the National Pollution

Discharge Elimination System ("NPDES") permit for the City of Taunton, Massachusetts

1

("City" or "Taunton"). The request sought specific information that EPA Region I (the "Region" or "EPA R1") had received or developed in support of its proposed NPDES action, after EPA published the Fact Sheet for Draft Permit #MA0100897 ("Draft Permit") for Taunton on March 20, 2013. EPA specifically referenced this new or additional information in a meeting with Taunton officials as a basis for defending the limitations and conclusions set forth in the Draft Permit.

3.     To date, EPA has not disclosed any responsive documents to H&A's FOIA request. Notwithstanding its own past practices, which demonstrate EPA is, in fact, capable of processing and responding to such requests, EPA continues to insist that it was incapable of interpreting and responding to the Request.

4.     H&A timely filed an administrative appeal of EPA's response. Nearly three months have elapsed since H&A's appeal and EPA has yet to issue a determination on the appeal. EPA's failure to respond is a clear violation of FOIA, which allows 20 days for an agency to respond to an administrative appeal, or 30 days upon written request and a showing of unusual circumstances. 5 U.S.C. §§ 552(a)(6)(A)(ii), (6)(B)(i)-(iii).

5.     FOIA requires federal agencies to respond to public requests for documents, including the search and production of files maintained electronically, in order to increase public understanding of the workings of government and access to government information. FOIA requires agencies to respond to such requests (and to timely-filed appeals) within twenty (20) working days. 5 U.S.C. §§ 552(a)(6)(A)(i)-(ii). EPA has promulgated regulations to this effect. 40 C.F.R. §§ 2.104(k).

6.     In summary, in responding to H&A's FOIA request, EPA has arbitrarily refused to identify or produce records that support or otherwise explain its very specific contentions that

2

the City's comments on the Draft Permit were misplaced and that EPA possesses additional specific data and analyses confirming that the original permit proposal was adequately supported. Additionally, EPA has improperly withheld documents, or segregable portions thereof, that are responsive and are required to be released under FOIA. Finally, EPA has failed to abide by the statutory timeframe for responding to administrative appeals under FOIA.

7.     EPA's actions in this regard are also inconsistent with Executive Office Policy on FOIA compliance issued by President Barack Obama on January 21, 2009. The Executive Memorandum states:

> The Freedom of Information Act should be administered with clear presumption: In the face of doubt, openness prevails. The Government should not keep information confidential merely because public officials might be embarrassed by disclosure, because errors and failure might be revealed, or because of speculative or abstract fears. ... All agencies should adopt a presumption in favor of disclosure, in order to renew their commitment to the principles embodied in FOIA, and to usher in a new era of open Government. The presumption of disclosure should be applied to all decisions involving FOIA.

8.     EPA's refusal to respond is also inconsistent with the Clean Water Act Section 101(e) and 40 C.F.R. § 123.1, which require the public disclosure of information used as the basis for permit decisions.

## Jurisdiction

9.     This Court has both subject matter jurisdiction over this action and personal jurisdiction over the Defendant pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

## Venue

10.     Venue is appropriate under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391.

3

**Parties**

11.     Plaintiff, H&A, is a Professional Limited Liability Company organized under the laws of the District of Columbia. H&A's primary purpose is to serve as a regulatory consultant and/or special counsel to municipal and private entities regarding environmental matters. Specifically, the firm has addressed wastewater regulatory issues in every EPA Region, over 40 states, and at EPA Headquarters in Washington, D.C.

12.     Defendant, EPA, is an agency of the federal government of the United States, within the meaning of 5 U.S.C. § 552(e), and is located in Washington, D.C. EPA is in possession and/or control of the records requested by H&A which are the subject of this action.

**Factual Allegations**

13.     On September 10, 2014, the City met with EPA R1 regarding its Draft Permit, and the Region's responses to comments thereon that the City had submitted.  At this meeting, EPA R1 asserted it had developed or received certain data, information, scientific analyses and studies verifying that the City's comments on the Draft Permit were misplaced.

14.     On October 7, 2014, H&A submitted the Request, designated as Request No. EPA-R1-2015-000252. Exhibit 1, H&A Request. The Request sought the information that EPA R1 had indicated was in its possession at the September 10, 2014, meeting. More specifically, the Request sought, *inter alia*:

      a.  "Any analysis showing that the Brayton Point temperature reductions occurring since 2004/05 and recently proposed discharge elimination did not/will not improve dissolved oxygen (DO) in the Taunton Estuary;"

      b.  "Any documentation confirming that EPA has previously peer-reviewed the 'sentinel approach' as proposed for use in this system;"

      c.  "The data sonde information, and any analysis thereof, that EPA referred to [at the September 10, 2014 meeting] as demonstrating Taunton

nutrients are still causing problems and that little water quality improvement has occurred since 2004;" and

d. "[A]ny analysis showing... various wastewater improvement projects...since 2004/2005,... did not change oxygen demanding pollutant loadings to the system, only bacteria levels."

*See* Ex. 1.

15.     By letter dated November 3, 2014, EPA R1 denied the Request. *See* Exhibit 2, EPA Denial. As a basis, the Denial stated that EPA R1 had "concluded these requests [did] not reasonably describe the records being sought as required by 40 C.F.R. § 2.103(c) and [were] accordingly improper." Moreover, EPA R1 asserted that the Request was "not appropriate under FOIA" because the Region considered it to be a request "that necessitates the agency to formulate opinions and analyses or to effectively conduct research in order to respond to a request." *Id*. The Region further asserted that the FOIA request improperly used "subjective terms" like "valid" and "scientifically defensible" which precluded EPA from identifying the documents sought. *Id.*

16.     Notwithstanding its protestations, the Region has routinely "interpreted" virtually identical language in numerous FOIA requests, and in response to permit comments. *See generally* Exhibit 3, Sample Inquiries and EPA Response Confirmations. EPA's prior FOIA responses and the plain language of the request indicates that EPA's refusal to produce the requested documents was either artifice or simply undertaken to avoid acknowledging that EPA actually did not possess the data and analyses capable of disputing the specific issues raised in the City's comments.

17.     Following email exchanges between EPA and H&A, on November 12, 2014, H&A reasserted its position that its initial Request was properly formulated and easily comprehensible, on the grounds that it sought information which EPA R1 claimed to have in its

possession. *See* Exhibit 4, Email Correspondence, at 2, 4.  Counsel for the Region confirmed that it was "not processing the request until it [had] been properly formulated." *Id.*, at 1.

18.     On November 24, 2014, H&A timely filed the Appeal via FOIAOnline, located at https://foiaonline.regulations.gov. Ex. 5, H&A Appeal.  The Appeal set forth H&A's position that:

> a. The Request "was readily understandable and sought records purportedly in EPA's possession," Ex. 5, at 2; and
>
> b. The Request "did not obligate EPA R1 to create any records or formulate analyses in order to properly respond." *Id.* at 5.

Similarly, the Appeal took issue with the Region's assertion that it was "not obligated to make interpretative judgments to determine whether administrative record materials amount to a 'demonstration' or 'confirmation' that a particular statement is true." Ex. 2, at 1. Specifically, the Appeal pointed out that "to the extent that any language in the FOIA Request could be considered subjective, it was asking for 'any' records that supported statements made by EPA R1." Ex. 5, at 5.

19.     On February 2, 2015, H&A left a voice message for Ms. Lynn Kelly, an attorney for EPA, as the last of several unsuccessful attempts to communicate with EPA Headquarters by phone regarding the Appeal. On February 6, 2015 H&A sent an email to EPA with regards to status of the Appeal, informing the Agency that its response on the Appeal was long overdue, and that if it did not provide a determination by Monday, February 9, 2015, H&A would consider its administrative remedies constructively exhausted.  *See* Ex. 6, Follow-Up Email Correspondence.

20.     On February 9, 2015, Mr. Kevin Miller, also an attorney for EPA, responded to the email of February 6, 2015, indicating that the matter "had been assigned to a staff attorney."

*See* Ex. 6. No time frame for response was provided., and no further correspondence has been received.

## Count I: Violation of the Freedom of Information Act

21.     Paragraphs 1-20 are hereby incorporated by reference.

22.     EPA has claimed to have certain documents (including previously unreleased data and new data analyses) in its possession, which are intended to form the basis for establishing requirements in the City's Final Permit. EPA is required to release these basic documents for the public to review.

23.     EPA's refusal to respond to the FOIA request unless it was restated was arbitrary and capricious and otherwise not in accordance with the law.

24.     EPA's failure to provide a legitimate basis and rationale for withholding, responsive documents, or segregable portions thereof, is in violation of FOIA. *See* 5 U.S.C. § 552(a)(4)(B).

25.     EPA's failure to fully and completely respond to H&A's plainly stated FOIA request violates the express provision of FOIA. *See* 5 U.S.C. § 552(a)(3).

26.     Data and EPA analyses of such data used to support NPDES permit actions may not be withheld under FOIA.

27.     H&A has constructively exhausted its administrative remedies, having timely filed an administrative appeal, and having waited several weeks beyond the requisite 20 working days for the Agency's response to such appeal. *See* 5 U.S.C. §§ 552(a)(6)(A)(ii), (6)(C).

## Relief Requested

WHEREFORE, Plaintiff, H&A, prays that this Court:

   (1) Maintain jurisdiction over this action until EPA is in compliance with FOIA, and every order of this Court;

7

(2) Find EPA in violation of FOIA for refusing to release the requested documents in the Agency's possession;

(3) Enjoin EPA from withholding all responsive records, or segregable portions thereof, that were requested by Plaintiffs, and order their immediate disclosure to Plaintiff;

(4) Order EPA to respond to each of Plaintiff's requests fully and completely in a manner that will allow H&A to gauge the adequacy of the response;

(5) Award reasonable costs and attorneys' fees to H&A as provided in 5 U.S.C. § 552(a)(4)(E) and/or 28 U.S.C. § 2412(d); and

(6) Grant such other relief as the Court may deem just and proper.

Respectfully submitted,

John C. Hall, Esq.
D.C. Dist. Ct. Bar #398172
Hall & Associates
1620 I St. (NW)
Suite #701
Washington, DC 20006
Telephone: (202) 463-1166
Facsimile: (202) 463-4207
E-mail: jhall@hall-associates.com


Philip D. Rosenman, Esq.
D.C. Dist. Ct. Bar #975334
Hall & Associates
1620 I St. N.W., Suite 701
Washington, D.C. 20006
Telephone: (202) 463-1166
Facsimile: (202) 463-4207
Date: February 25, 2015        E-mail: prosenman@hall-associates.com